

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,996-01

**EX PARTE TONY JEROME COLEMAN, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W04-73103-Y(A)
### IN THE CRIMINAL DISTRICT COURT NO. 7 FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and sentenced to six years' imprisonment. He did not appeal his conviction.

Applicant contends that his trial counsel rendered ineffective assistance because counsel incorrectly advised Applicant that he would be credited with pre-sentence jail time for time spent in jail as a condition of probation. Applicant alleges that he would not have accepted the plea agreement but for this incorrect advice.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make specific findings addressing whether Applicant asked counsel about credit for time spent in jail as a condition of probation and, if so, how counsel advised him about his eligibility for that time. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. The habeas record does not contain copies of most relevant court documents, including the docket sheet, plea papers, indictment,

and judgment. TEX. R. APP. P. 73.4(b)(4) (effective Jan. 1, 2014). The supplemental record shall also contain all other relevant court documents required by Rule of Appellate Procedure 73.4(b)(4). Any extensions of time shall be obtained from this Court.

Filed: September 24, 2014
Do not publish